UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| KEITH RUSSELL JUDD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 13-04-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

On January 11, 2013, the Clerk of the Court received a one-page letter [R. 1] from Keith Russell Judd, a prisoner confined in the Federal Correctional Institute in Texarkana, Texas. Judd entitled his submission "The Next Civil War - A Well Regulated Militia Being Necessary to the Security of a Free State, the Right of the People to Keep and Bear Arms, Shall Not be Infringed." [*Id.*] For administrative purposes, the Clerk of the Court docketed Judd's submission as a 42 U.S.C. § 1983 prisoner civil rights action.

Judd's letter neither identified any defendants nor alleged facts that would constitute a basis for a civil claim. Accordingly, the letter was substantively deficient and subject to summary dismissal on its face. Furthermore, Judd had accumulated "three-strikes" under 28 U.S.C. § 1915(g) for filing frivolous prisoner complaints. On January 14, 2013, the Court entered an Order giving Judd 28 days in which to (1) file an amended complaint stating viable claims; and (2) pay the $350 in full, pursuant to § 1915(g), or risk dismissal of this action.

1

Judd has not paid the $350 filing fee, but on February 11, 2013, he filed a "Response to Court's 1-14-2013 Order." [R. 3]  Judd primarily challenged President Barack Obama's citizenship and eligibility to run for President of the United States and protested other issues concerning the past two presidential elections.  He also alleged that this Court lacked authority to order him to pay the $350 filing fee assessed in this action "based on the free exercise of freedom of speech, or of the press, and to petition the Government for a redress of grievances."  [*Id*., p. 2]

Judd's argument that this Court lacks authority to assess the $350 filing fee is patently frivolous.  Congress enacted 28 U.S.C. § 1914, which provides as follows:

> a) **The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350**, except that on application for a writ of habeas corpus the filing fee shall be $5.
>
> (b)  The clerk shall collect from the parties such additional fees only as are  prescribed by the Judicial Conference of the United States.
>
> (c)  Each district court by rule or standing order may require advance payment of fees.

28 U.S.C. § 1914(a) (emphasis added).

Further, Congress permits prisoners to file civil actions even if they lack the financial resources to pay the $350 filing fee in full, *see* 28 U.S.C. § 1915(a)(1), but prisoners must first demonstrate that they qualify for pauper status.  If they do, they are still responsible for paying the $350 filing fee in installments under specified conditions.  *See* 28 U.S.C. §§ 1915(a)(2)-(3).  However, prisoners—such as Judd—who have filed at least three prisoner lawsuits which have been dismissed as frivolous may not proceed with their lawsuits by paying the $350 filing fee in installments unless they allege that they are facing imminent bodily harm.  *See* 28 U.S.C. §

1915(g).  Under § 1915(g), these prisoners must pay the assessed filing fee in full if they wish to pursue their claims.  Because Judd did not allege in either his letter or subsequent filing that he faces imminent bodily harm, he is not entitled to pay the filing fee in installments.

Because Judd has not paid the filing fee assessed on January 14, 2013, the Court will dismiss this proceeding without prejudice for failure to prosecute.  Dismissal of a case is authorized when a party fails to comply with an order or ruling of the court, Fed. R. Civ. P. 41(b); *Palasty v. Hawk*, 15 F. App'x 197, 199-200 (6th Cir. 2001).  *Pro se* litigants are not entitled to special consideration for failure to follow readily comprehended court orders.  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Because of Judd's history of filing frivolous lawsuits, including this one, and pursuant to *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002), the Court will assess the $350 filing fee regardless of the fact that it is dismissing this proceeding because of Judd's failure to prosecute.

Accordingly, **IT IS ORDERED** as follows:

(1)     This proceeding is **DISMISSED WITHOUT PREJUDICE** for want of prosecution and for failure to comply with an Order of the Court.  Fed. R. Civ. P. 41(b);

(2)     Pursuant to *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002), Keith Russell Judd, Bureau of Prisons Register No. 11593-051, is assessed the $350 civil filing fee for this action and is liable for the payment of the entire filing fee;

(3)     Judd's custodian shall submit payments from his inmate account, as and when funds are deposited therein, until the full filing fee of three hundred fifty dollars ($350) has been paid to the Clerk of this Court;

(4)     The Clerk of the Court shall open an account in Judd's name for receipt of the filing fee and shall serve a copy of this Order and a notice of payment form  (E. D. Ky. 525),

complete with (a) Judd's name, (b) his inmate number, and (c) this case number, upon the Warden of the institution in which he is currently confined and upon the United States Attorney for the Eastern District of Kentucky in Lexington, Kentucky; and

    (5)    The Court will enter an appropriate Judgment contemporaneously herewith.

This 7th of May, 2013.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge